SO ORDERED.

SIGNED this 21st day of October, 2021.



Dale L. Somers
United States Chief Bankruptcy Judge

Designated for on-line use but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| Paul J. Robben, | Case No. 13-20814 |
| | Chapter 7 |
| Debtor. | |
| Bartlett Family Real Estate Fund, LLC, et al., | |
| Plaintiffs, | |
| v. | Adv. No. 13-06064 |
| Paul J. Robben, | |
| Defendant. | |

Memorandum Opinion and Order Denying
Defendant's Motion for Summary Judgment and Motion to Strike

This adversary proceeding was initiated by the Bartlett Family Real Estate Fund, LLC, related entities, and individuals[1] (collectively the "Bartlett Parties") objecting to the dischargeability of their clams against Debtor Paul J. Robben ("Debtor") under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6), and (a)(19). The Bartlett Parties sought and obtained relief from the discharge injunction to proceed against Debtor in federal district court on their claims, which were primarily state law tort causes of action. After discovery was completed, judgment was entered in favor of the Debtor on the only federal law claim, an alleged violation of federal securities law, and the state law claims were dismissed for lack of jurisdiction. After exhausting all appeals, the Bartlett Parties sought leave from this Court to file their tort claims against Debtor in state court. This Court granted leave to file the state court petition (so as to arguably preserve the statute of limitations) but not to pursue the claims.

At a status conference in this Court on the dischargeability complaint, Debtor's counsel[2] stated their desire to file a motion for summary judgment before any further proceedings in the case. Hoping that such a motion might serve to simplify future proceedings, the Court established a briefing

---

[1] PRES, LLC; Foxfield Villa Associates, LLC; Ernest J. Straub, III; and Richard A. Bartlett.

[2] Debtor appears by Robert M. Pitkin and Larry A. Pittman, III.

schedule. Debtor's motion for summary judgment has been fully briefed,[3] and Debtor has also moved to strike a portion of the Bartlett Parties' response brief. Both matters are now under advisement, but unfortunately because Debtor did not support his motion for summary judgment by a statement of uncontroverted facts, as required by Bankruptcy Rule 7056,[4] which makes Federal Rule 56[5] applicable in adversary proceedings, the motion must be denied. The motion to strike is also denied.

I. Background Facts

**A. The Bartlett Parties' investment in a failed real estate development project**

In early 2000, Debtor began developing a 160-acre tract of raw land located in Olathe, Kansas. The development was initially undertaken by Foxfield Associates, LLC, owned indirectly by Debtor and two others. Financing was provided by the Bank of Blue Valley. By 2007, the loan to Foxfield Associates, LLC was in default. In March 2008, after being approached by the Bank of Blue Valley and Debtor, two of the Bartlett Parties, Ernest Straub and Richard Bartlett, invested in Foxfield Villa

---

[3] The Bartlett Parties appear by Frank Wendt and Deron A. Anliker.

[4] Fed. R. Bankr. P. 7056. All references in the text shall be to Bankruptcy Rule.

[5] Fed. R. Civil P. 56. All references in the text shall be to Federal Rule.

Associates, LLC, which had acquired the project. The development failed. On September 1, 2011, Foxfield Villa Associates, LLC, Ernest Straub, and Richard Bartlett sued Bank of Blue Valley in state court.[6] Debtor was not a party. That litigation has been resolved and a Journal Entry of Judgment filed on June 2, 2015.[7]

### B. Federal District Court litigation by the Bartlett Parties against Debtor

The federal district court litigation by the Bartlett Parties against Debtor was filed on March 8, 2013. On April 3, 2013, Debtor Robben filed a petition under Chapter 7. Discharge was entered. This Court granted the motion of the Bartlett Parties for relief from the discharge injunction to pursue the federal case on September 18, 2013.[8]

A second amended complaint was filed in federal district court on November 25, 2015. It alleged 32 counts against Debtor and a related company, RDC, LLC.

After discovery was completed, the Bartlett Parties reduced their claims to 24. Dispositive motions were filed, and on February 28, 2018, the

---

[6] *Foxfield Villa Associates, LLC, et al. v. Bank of Blue Valley*, District Court of Johnson County, Kansas, case no. 11CV07558.

[7] *Id.*, Journal Entry of Judgment, filed June 2, 2015. (Copy filed in this case as Doc. 69-2.)

[8] Case no. 13-20814, Doc. 39.

4

federal district court held that the investments the Bartlett Parties made were not securities for purposes of the Securities Exchange Act of 1934[9] and declined to exercise jurisdiction over the remaining state law claims.[10] That decision has been affirmed.[11]

### C. State Court litigation by the Bartlett Parties against Debtor

On July 11, 2018, the Bartlett Parties moved in this Court for modification of the discharge injunction to permit the filing of a petition in state court,[12] arguing that such filing was required to preserve the statute of limitations of the state law claims dismissed by the federal district court. The motion was granted to allow the filing of the petition, but denied without prejudice with respect to proceeding with the state court action.

The state court petition is 76 pages long. In the order allowing the filing of the petition, it is described as follows:

---

[9] 15 U.S.C. § 78a, et. seq.

[10] *Foxfield Villa Assoc. v. Robben*, 309 F. Supp.3d 959 (D. Kan. 2018).

[11] *Foxfield Villa Assoc. v. Robben*, 967 F.3d 1082 (10th Cir. 2020), cert denied 141 S. Ct. 1385 (2021).

[12] *Bartlett Family Real Estate Fund, LLC, et al. v. Paul Robben and RDC Holdings, LLC*, District Court of Johnson County, Kansas, case no. 18CV04705, filed August 22, 2018. (Copy filed in this case as Doc. 69-1.)

5

> It alleges 14 counts against Debtor, some of which also allege claims against or relate to RDC, LLC (RDC), a Kansas limited liability whose only member is Debtor. The claims against Debtor are: Count 1- Breach of fiduciary duty; count 3 - aiding and abetting RDC's breach of fiduciary duty; count 4 - fraud against Debtor; count 5 - aiding and abetting bank fraud; count 6 - fraudulent nondisclosure; count 7 - fraudulent concealment; count 8 - violation of the Kansas Securities Act; count 9 - negligent misrepresentation against Debtor when acting as a real estate broker and/or salesperson; count 10 - negligence against Debtor when acting as a real estate broker and/or salesperson; count 11 -tortious interference with contracts and business expectancy; count 12 - aiding and abetting bank's tortious interference with contracts and business expectancies; count 13- conversion; count 14- civil conspiracy against Debtor and RDC; and count 15- joint venture. A jury trial is demanded.[13]

Count 2, not listed in the above narrative of the state court petition, is against RDC only. Some of the foregoing claims are against Debtor and RDC, in addition to Debtor.

**C. Bankruptcy Court**

The dischargeability complaint, filed on June 28, 2013, contends the Bartlett Parties have claims against the Debtor which are excepted from discharge under §§ 523(a)(2)(A) (actual fraud), (a)(4) (fraud while acting in a fiduciary capacity), (a)(6)(willful and malicious injury), and (a)(19) (liability for a judgment for a securities law violation). It does this by setting forth the

---

[13] Case no. 13-20814, Doc. 98 p.2.

long story of investments in the failed real estate development, and then simply making conclusory allegations that these acts resulted in claims that are excepted from discharge. In contrast to the now dismissed federal court case and the pending state court case, there are no specific counts stating state law claims, such as fraud, breach of fiduciary duty, or violation of Kansas securities statutes.

Following two status conferences, at the request of Debtor's counsel, the Court set a schedule for Debtor's filing a motion for summary judgment ("Motion"). The Motion and supporting brief,[14] a response,[15] and a reply[16] have now been filed. The reply includes a motion to strike the factual portion of the Bartlett Parties' response. A memo in opposition to that motion to strike[17] and a reply have also been filed.[18]

## II. Analysis

In the pending adversary complaint, the Bartlett Parties seek a ruling that their claims against Debtor are excepted from discharge by §§

---

[14] Doc. 69.

[15] Doc. 73.

[16] Doc. 86.

[17] Doc. 88.

[18] Doc. 89.

7

523(a)(2)(A), (a)(4), (a)(6), and (a)(19). Exceptions to discharge are narrowly construed, and all doubts are resolved in favor of the debtor.[19] As the creditors seeking to have their claims excepted from discharge, the Bartlett Parties have the burden of proof.[20] This Court has jurisdiction over the parties and the subject matter.[21]

### A. Debtor's motion for summary judgment is denied

Debtor's motion must be denied on procedural grounds. Bankruptcy Rule 7056 provides that Federal Rule 56 applies in adversary proceedings. The Federal Rule states in subsection (a): "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Subsection (c)(1), titled "Procedures," then states,

---

[19] *Diamond v. Vickery (In re Vickery)*, 488 B.R. 680, 685 (10th Cir. BAP 2013).

[20] *Grogan v. Garner*, 498 U.S. 279 (1991).

[21] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (July 2021). Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). There is no objection to venue or jurisdiction over the parties.

8

Case 13-06064    Doc# 91    Filed 10/21/21    Page 8 of 14

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed, must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

To reinforce and implement this portion of Rule 56, Federal Local Rule 56.1(a)[22] provides:

> The memorandum or brief in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies.

Debtor's memorandum fails to include a statement of uncontroverted facts in accord with the foregoing rules.

In this dischargeability action where the Bartlett Parties have the burden to prove that their claims against the Debtor are excepted from discharge, the Debtor, as the party moving for summary judgment can meet his burden of production of evidence in two ways. Either he must: (1) submit

---

[22] D. Kan. Rule 56.1(a).

9

Case 13-06064   Doc# 91   Filed 10/21/21   Page 9 of 14

evidence that negates an essential element of the Bartlett Parties' dischargeability contentions, or (2 )demonstrate to the Court that the Bartlett Parties' evidence is insufficient to establish an essential element on their exceptions to discharge.[23] Debtor has not provided facts satisfying either of these requirements.

Rather than providing a statement of uncontroverted facts, Debtor seems to argue that the Court should adopt the findings of in the Journal Entry of Judgment in state court litigation by Foxfield Villa Associates, LLC, Ernest J. Straub, III, and Richard Bartlett against the Bank of Blue Valley.[24] The Court declines to do so. Although that litigation arose out of the same transaction that gives rise to the Bartlett Parties' state law claims against Debtor, that is the extent of the similarity. Debtor was not a party; rather the Bank of Blue Valley was the Defendant against which claims of breach of fiduciary duty and fraud were alleged. One of the plaintiffs in this action was not a party.[25] In support of his Motion, Debtor attached a copy of the 91 page

---

[23] 10A Mary Kay Kane, *Federal Practice and Procedure* § 2725.1 n.10 (4th ed. April 2021) (citing *Vaughn v. United States*, 44 F. Supp. 3d 773 (N.D. Ohio 2014), *aff'd*, 2015 WL 8754909 (6th Cir. 2015)).

[24] *Foxfield Villa Assoc., LLC, et. al. v. Bank of Blue Valley*, District Court of Johnson County, Kansas, case no. 11 CV 07558, Journal Entry of Judgment, filed June 2, 2015 (included in record as Doc. 69-2).

[25] PRES, LLC.

Journal Entry of Judgment, but did not identify which findings this Court should adopt. More importantly, Debtor provided no argument, until a superficial analysis in his reply brief, as to why the Court should find the prior findings binding against the Bartlett Parties in this dischargeability action, at the behest of Debtor, a nonparty in the prior action.

In justification of his failure to provide a statement of uncontroverted fats, Debtor relies upon *Carmichael*,[26] a proceeding for turnover of a co-tenant's interest in property, where the Court overlooked the same irregularity. In *Carmichael*, the simple uncontroverted facts necessary to decide the motion for summary judgment were revealed in the pleadings in debtor's bankruptcy case and a related adversary proceeding. In this case there is an extensive discovery record from the federal district court litigation where discovery was completed on the same tort claims as alleged to be excepted from discharge. That discovery record, which the Court surmises to be voluminous, is not included in the record of this case. Contrary to Debtor's argument in his reply brief, this is not a case where the Court can overlook the failure to provide a statement of uncontroverted facts. For example, the Court cannot find as a matter of law that the transaction at issue will not support a judgment for willful and malicious injury by the Debtor to the

---

[26]*In re Carmichael*, 439 B.R. 884 (Bankr. D Kan. 2010).

11

Plaintiffs, as required the exception to dischargeability under § 523(a)(6). The fact that the state law complaint does not allege willful and malicious injury is insufficient to support summary judgment. The Court must be presented with facts that demonstrate an essential element required to support a judgment is missing or the evidence relied on by the Bartlett Parties is insufficient. Debtor's arguments regarding other exceptions to dischargeability suffer from the same deficiency.[27] For the foregoing reasons, the Court denies Debtor's motion for summary judgment for failure to provide a statement of uncontroverted facts supporting his position.

**B. Debtor's motion to strike is denied**

Debtor's reply brief includes a motion to strike the Bartlett Parties' statement of uncontroverted facts included in their response brief. Because the Court rules that Debtor's motion for summary judgment must be denied for failure to comply with the rules regarding summary judgment, the motion to strike is moot and is denied for this reason.

However, if the motion to strike were not moot, the Court would deny it on the merits. The additional statement of facts presented by the Bartlett

---

[27] Conflation of the underlying tort claims and the objection to discharge of those claims contributes to the ineffectiveness of Debtor's arguments. This Court does not have jurisdiction over the state law claims and cannot grant summary judgment on those claims, as requested by Debtor. The matter before the Court is the exception to discharge, but Debtor did not focus many of his arguments on that issue.

Parties state their version of the facts, supported by references to the discovery record, supporting their contention that their claims are excepted from discharge. When including the statement of facts, the Bartlett Parties complied with Local Rule 56.1(b). After requiring that the party moving for summary judgment include a statement of uncontroverted facts in its supporting memorandum, that rule provides the following regarding the opposing memorandum:

> (1) A memorandum in opposition to a motion for summary judgment must begin with a section containing a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute must be numbered by paragraph, refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, state the number of movant' fact that is disputed.
>
> (2) If the party opposing summary judgment relies on any facts not contained in movants' memorandum, that party must set forth each additional fact in a separately numbered paragraph, supported by references to the record, in the manner required by subsection (a), above. All material facts set forth in this statement of the non-moving party will be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party.

Subsection (c) then provides for the movant to respond to those facts. Moreover, contrary to Debtor's argument, the facts of the underlying state law claims are not irrelevant; in fact, they determine whether the claims are excepted from discharge.

13

The Debtor's motion to strike is denied.

### III. Conclusion

The Court denies the Debtor's motion for summary judgment for failure to comply with the applicable rules. Denial is required because of Debtor's failure to provide a statement of uncontroverted facts that either negated an essential element of the Bartlett Parties' dischargeability contentions or demonstrated that the Bartlett Parties' evidence is insufficient to establish an essential element of their alleged exceptions to discharge. The motion to strike is also denied.

**It is so ordered.**

###